# EXHIBIT "B"

Filed
11/8/2021 2:34 PM
Esther Degollado
District Clerk
Webb District
Annette Chapa
2021CVF002139D3

2021CVF002139D3

CAUSE NO._____

| | | |
|---|---|---|
| JOSEFINA MONTOYA | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT PRODUCT AUTHORITY, | § | |
| TEXAS LLC C/O HOME DEPOT | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Plaintiff **JOSEFINA MONTOYA**, and files this Original Petition, against **HOME DEPOT PRODUCT AUTHORITY, LLC C/O HOME DEPOT**, herein after Defendant, and alleges as follows:

## DISCOVERY-CONTROL PLAN

This case will be governed by Discovery Control Plan 3.

## CLAIM FOR RELIEF

At this time, the case is valued at less than $75,000.00.

## PARTIES

Plaintiff is a resident citizen of Webb County, Texas.

Defendant, **HOME DEPOT PRODUCT AUTHORITY, LLC C/O HOME DEPOT**, may be served by servicing its registered agent of process and can be served by private process by serving its registered agent for service of process: **CORPORATE SERVICE COMPANY d/b/a CSC-LAWYERS INCORPORATING SERVICE COMPANY at 211 E. 7th Street, Suite 620 Austin, TX 78701.**

## MISNOMER, ALTER-EGO, ASSUMED

In the event any parties are misnamed or not included herein, such event was a misnomer or such parties are or were alter egos of parties named herein.

1

## JURISDICTION AND VENUE

Venue is proper in Bexar County, Texas. Jurisdiction is proper in the Texas state courts.

## FACTS

On or about March 15, 2021 in Webb County, Texas**,** Plaintiff, **JOSEFINA MONTOYA** was involved in a slip and fall accident at Defendant's, **HOME DEPOT PRODUCT AUTHORITY, LLC C/O HOME DEPOT,** place of business where Plaintiff sustained injury.

## PREMISES CLAIM BY INVITEE

Defendant was the owner and/or occupier of the premises at **5710 SAN BERNARDO AVE., LAREDO, TX 78041** Plaintiff entered Defendant's premises in response to defendant's invitation and for their mutual benefit. Plaintiff was an invitee. A condition on Defendant's premises posed an unreasonable risk of harm. Defendant knew or reasonably should have known of the dangerous condition. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes, but is not limited to, the duty to inspect and duty to warn or to cure. Defendant's breach of duty proximately caused injury to Plaintiff. Plaintiff seeks damages within the jurisdictional limits of this Court.

## NEGLIGENCE OF THE DEFENDANT STRIPES

At the time of the accident in question, **HOME DEPOT PRODUCT AUTHORITY, LLC C/O HOME DEPOT**, was guilty of various acts and omissions of negligence and their actions and inactions were a proximate cause of the Plaintiff's injuries and damages, including but not limited to, as follows:

2

Failure to properly train staff;

Failure to properly post warning;

Failure to maintain a safe place of business;

Failure to remove hazards from the place of business;

Failure to warn of known hazards;

Failure to repair known hazards; and

Failure to exercise the level of care a prudent business would exercise under
the similar condition.

## DAMAGES

As a direct and proximate result of the breach of duty and/or negligence of the Defendant,

**HOME DEPOT PRODUCT AUTHORITY, LLC C/O HOME DEPOT**, Plaintiff has

sustained the following, but not limited to:

Past Medical Expenses;

Future Medical Expenses to be incurred;

Past Lost Wages;

Future Lost Wage Earning Capacity;

Past Physical Impairment;

Future Physical Impairment;

Past Disfigurement;

Future Disfigurement;

Past Physical Pain and Mental Anguish; and

Future Physical Pain and Mental Anguish.

## **RULE 193.7**

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice that all documents produced by any party to this case will be used at any potential proceeding or at the trial of this matter.

## **PRE-JUDGMENT INTEREST**

Plaintiff further requests that Plaintiff be awarded pre-judgment interest on all incurred damages as allowed by law.

## **JURY TRIAL**

Plaintiff demands a trial by jury.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant, **HOME DEPOT PRODUCT AUTHORITY, LLC C/O HOME DEPOT**, be cited to appear and answer, and that upon final hearing hereof, Plaintiff have judgment over and against said Defendant, including, but not limited to, actual damages in an amount to exceed minimum jurisdiction of this Court; for pre-judgment and post-judgment interest as provided by law; for costs of court; and for such other and further relief, at law or in equity, as the Court may deem just and proper.

Respectfully submitted,

LAW OFFICE OF ROBERT M. STONE
110 Broadway St., Suite 190
San Antonio, Texas 78205
Telephone (210) 832-0326
Facsimile (210) 832-9627

By: /s/Robert M. Stone
_____
ROBERT M. STONE
State Bar No. 19301300
ATTORNEY FOR PLAINTIFF

4

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Robert Stone on behalf of Robert Stone
Bar No. 19301300
robert@rmstonelaw.com
Envelope ID: 58954911
Status as of 11/8/2021 3:06 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Robert Stone | | robert@rmstonelaw.com | 11/8/2021 2:34:04 PM | SENT |

**SERVE**
**2021CVF002139D3**

## CITATION
#### PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

*COURT SET FOR 1/19/2022 AT 1:30 P.M*

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TEXASLAWHELP.ORG"

TO:    HOME DEPOT PRODUCT AUTHORITY TEXAS, LLC C/O HOME DEPOT
       BY SERVING ITS REGISTRED AGENT FOR SERVICE OF PROCESS: CORPORATE SERVICE
       COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY
       211 E. 7TH STREET, SUITE 620
       AUSTIN, TX 78701

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341st District Court** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2021CVF002139D3, styled:

### JOSEFINA MONTOYA, PLAINTIFF
### VS.

**HOME DEPOT PRODUCT AUTHORITY TEXAS LLC C/O HOME DEPOT, DEFENDANT**
Said Plaintiff's Petition was filed on 11/08/2021 in said court by:

       ROBERT M. STONE, ATTORNEY FOR PLAINTIFF
       110 BROADWAY ST., SUITE 190
       SAN ANTONIO, TX 78205

**WITNESS ESTHER DEGOLLADO,** DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 9th day of November, 2021.

### C L E R K   O F   C O U R T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY:                     DEPUTY
        Annette Chapa

2021CVF002139D3

**OFFICER'S RETURN**

Came to hand on the \_\_\_\_\_ day of _____, 2021 at
_____         O'CLOCK         \_\_\_\_\_.M.         Executed         at
_____, within the COUNTY of _____
at   _____   O'CLOCK   \_\_\_\_.M.   on   the   _____   day   of
_____, 2021, by delivering to the within named **HOME
DEPOT PRODUCT AUTHORITY TEXAS, LLC C/O HOME DEPOT**, each, in
person, a true copy of this citation together with the
accompanying copy of the petition, having first attached such
copy of such petition to such copy of citation and endorsed on
such copy of citation the date of delivery.

The distance actually travelled by me in serving such process
was _____ miles, and my fees are as follows:

Total Fee for serving this citation     $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
DEPUTY

**THE STATE OF TEXAS}**
**COUNTY OF WEBB       }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly
sworn, upon oath said that a notice, of which the above is a
true copy, was by him/her delivered to
_____ on the _____
day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the \_\_\_\_\_ day of
_____, _____, to certify which witness my hand and
seal of office.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES

_____

Filed
11/9/2021 2:15 PM
Esther Degollado
District Clerk
Webb District
Frida Y. Garcia
2021CVF002139D3

CAUSE NO. 2021CVF002139D3

| | | |
|---|---|---|
| JOSEFINA MONTOYA | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT PRODUCT AUTHORITY | § | |
| TEXAS LLC C/O HOME DEPOT | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

COMES NOW, Plaintiff **JOSEFINA MONTOYA**, and files this First Amended

Original Petition, against **HOME DEPOT PRODUCT AUTHORITY TEXAS, LLC C/O**

**HOME DEPOT**, herein after Defendant, and alleges as follows:

### DISCOVERY-CONTROL PLAN

This case will be governed by Discovery Control Plan 3.

### CLAIM FOR RELIEF

At this time, the case is valued at less than $75,000.00.

### PARTIES

Plaintiff is a resident citizen of Webb County, Texas.

Defendant, **HOME DEPOT PRODUCT AUTHORITY TEXAS, LLC C/O HOME**

**DEPOT**, may be served by servicing its registered agent of process and can be served by

private process by serving its registered agent for service of process: **CORPORATE**

**SERVICE COMPANY d/b/a CSC-LAWYERS INCORPORATING SERVICE**

**COMPANY at 211 E. 7th Street, Suite 620 Austin, TX 78701.**

### MISNOMER, ALTER-EGO, ASSUMED

In the event any parties are misnamed or not included herein, such event was a

misnomer or such parties are or were alter egos of parties named herein.

1

## JURISDICTION AND VENUE

Venue is proper in Bexar County, Texas. Jurisdiction is proper in the Texas state courts.

## FACTS

On or about March 15, 2021 in Webb County, Texas, Plaintiff, **JOSEFINA MONTOYA** was involved in a slip and fall accident at Defendant's, **HOME DEPOT PRODUCT AUTHORITY TEXAS, LLC C/O HOME DEPOT,** place of business where Plaintiff sustained injury.

## PREMISES CLAIM BY INVITEE

Defendant was the owner and/or occupier of the premises at **5710 SAN BERNARDO AVE., LAREDO, TX 78041** Plaintiff entered Defendant's premises in response to defendant's invitation and for their mutual benefit. Plaintiff was an invitee. A condition on Defendant's premises posed an unreasonable risk of harm. Defendant knew or reasonably should have known of the dangerous condition. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes, but is not limited to, the duty to inspect and duty to warn or to cure. Defendant's breach of duty proximately caused injury to Plaintiff. Plaintiff seeks damages within the jurisdictional limits of this Court.

## NEGLIGENCE OF THE DEFENDANT STRIPES

At the time of the accident in question, **HOME DEPOT PRODUCT AUTHORITY TEXAS, LLC C/O HOME DEPOT,** was guilty of various acts and omissions of negligence and their actions and inactions were a proximate cause of the Plaintiff's injuries and damages, including but not limited to, as follows:

2

Failure to properly train staff;

Failure to properly post warning;

Failure to maintain a safe place of business;

Failure to remove hazards from the place of business;

Failure to warn of known hazards;

Failure to repair known hazards; and

Failure to exercise the level of care a prudent business would exercise under

the similar condition.

## **DAMAGES**

As a direct and proximate result of the breach of duty and/or negligence of the Defendant,

**HOME DEPOT PRODUCT AUTHORITY TEXAS, LLC C/O HOME DEPOT**, Plaintiff

has sustained the following, but not limited to:

Past Medical Expenses;

Future Medical Expenses to be incurred;

Past Lost Wages;

Future Lost Wage Earning Capacity;

Past Physical Impairment;

Future Physical Impairment;

Past Disfigurement;

Future Disfigurement;

Past Physical Pain and Mental Anguish; and

Future Physical Pain and Mental Anguish.

3

## RULE 193.7

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice that all documents produced by any party to this case will be used at any potential proceeding or at the trial of this matter.

## PRE-JUDGMENT INTEREST

Plaintiff further requests that Plaintiff be awarded pre-judgment interest on all incurred damages as allowed by law.

## JURY TRIAL

Plaintiff demands a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant, **HOME DEPOT PRODUCT AUTHORITY TEXAS, LLC C/O HOME DEPOT**, be cited to appear and answer, and that upon final hearing hereof, Plaintiff have judgment over and against said Defendant, including, but not limited to, actual damages in an amount to exceed minimum jurisdiction of this Court; for pre-judgment and post-judgment interest as provided by law; for costs of court; and for such other and further relief, at law or in equity, as the Court may deem just and proper.

Respectfully submitted,

LAW OFFICE OF ROBERT M. STONE
110 Broadway St., Suite 190
San Antonio, Texas 78205
Telephone (210) 832-0326
Facsimile (210) 832-9627

By: /s/Robert M. Stone
_____
ROBERT M. STONE
State Bar No. 19301300
ATTORNEY FOR PLAINTIFF

4



# HONORABLE BECKIE PALOMO

## State District Court Judge

341st JUDICIAL DISTRICT OF TEXAS
WEBB COUNTY JUSTICE CENTER
1110 Victoria Street, Suite 302
Laredo, Texas 78040-4439

## CIVIL CASE – CALENDAR CALL SETTINGS

RE: CAUSE NO:   <u>2021CVF002139D3</u>

STYLE:   <u>JOSEFINA MONTOYA</u>
VS
<u>HOME DEPOT PRODUCT AUTHORITY TEXAS LLC C/O HOME DEPOT</u>

**NOTICE** that this case is **SET FOR CALENDAR CALL** on <u>01/19/2022</u> at <u>1:30 PM</u> at the
341st District Courtroom, 3rd Floor, Webb County Justice Center.

Calendar Call hearings will be in open Court and on the record before **JUDGE BECKIE PALOMO.**
Your presence is **MANDATORY** unless Counsel for Plaintiff(s) file a Joint Pre-Trial Guideline Order
(PTGO) with all counsels signatures on the PTGO.

You may download the PTGO at our website:
**http://www.webbcountytx.gov/DC341st/Links/civ_Jury%20PTGO.pdf**

<u>Counsel for Plaintiff(s)</u>: if you do not appear for calendar call, your case may be dismissed for lack of prosecution.

<u>Counsel for Defendant(s)</u>: if you do not appear for calendar call, a pre-trial guideline order may be
entered with or without your approval and/or signature.

Call the court for jury selection dates and pre-trial hearing dates. Keep in mind jury selection must be set
within the timeframes recommended by the Texas Supreme Court.

If there are any questions regarding this matter please feel free to call the court at the number below.

Sonia Vela
Civil Court Coordinator
Tel: (956) 523-4483
Fax: (956) 523-5055

R.A.M. PRIVATE PROCESS SERVICE
7113 San Pedro, Suite 291
San Antonio, TX 78216-6207



7020 3160 0000 5188 3374



UNITED STATES
POSTAL SERVICE®

1000



78701

U.S. POSTAGE
FCM LETTER
SCHERTZ, TX
78154
NOV 22, 21
AMOUNT

**$7.58**

R2304E105904-7

Corporation Service Company d/b/a
CSC-Lawyers Incorporating Service Co.
211 E. 7th Street, Suite 620
Austin, Texas 78701

SERVE
2021CVF002139D3

## CITATION
### PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

> **COURT SET FOR 1/19/2022 AT 1:30 P.M**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TEXASLAWHELP.ORG"

TO:   HOME DEPOT PRODUCT AUTHORITY TEXAS, LLC C/O HOME DEPOT
      BY SERVING ITS REGISTRED AGENT FOR SERVICE OF PROCESS: CORPORATE SERVICE
      COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY
      211 E. 7TH STREET, SUITE 620
      AUSTIN, TX 78701

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341st District Court** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2021CVF002139D3, styled:

### JOSEFINA MONTOYA, PLAINTIFF
### VS.

**HOME DEPOT PRODUCT AUTHORITY TEXAS LLC C/O HOME DEPOT, DEFENDANT**
Said Plaintiff's Petition was filed on 11/08/2021 in said court by:

      ROBERT M. STONE, ATTORNEY FOR PLAINTIFF
      110 BROADWAY ST., SUITE 190
      SAN ANTONIO, TX 78205

**WITNESS ESTHER DEGOLLADO,** DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 9th day of November, 2021.

## C L E R K   O F   C O U R T

                    ESTHER DEGOLLADO
                    WEBB COUNTY DISTRICT CLERK
                    P.O. BOX 667
                    LAREDO, TX 78042

        BY: _____ DEPUTY
                    Annette Chapa

2021CVF002139D3

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2021 at
_____         O'CLOCK      _____.M.      Executed      at
_____, within the COUNTY of _____
at  _____  O'CLOCK  ____.M.  on  the  _____  day  of
_____, 2021, by delivering to the within named **HOME
DEPOT PRODUCT AUTHORITY TEXAS, LLC C/O HOME DEPOT**, each, in
person, a true copy of this citation together with the
accompanying copy of the petition, having first attached such
copy of such petition to such copy of citation and endorsed on
such copy of citation the date of delivery.

The distance actually travelled by me in serving such process
was _____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____

DEPUTY

**THE STATE OF TEXAS}**
**COUNTY OF WEBB      }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly
sworn, upon oath said that a notice, of which the above is a
true copy, was by him/her delivered to
_____ on the _____
day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of
_____, _____, to certify which witness my hand and
seal of office.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES

_____

**RETURN**
**2021CVF002139D3**

## CITATION
#### PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

## THE STATE OF TEXAS
## COUNTY OF WEBB

*COURT SET FOR 1/19/2022 AT 1:30 P.M*

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TEXASLAWHELP.ORG"

TO:   HOME DEPOT PRODUCT AUTHORITY TEXAS, LLC C/O HOME DEPOT
       BY SERVING ITS REGISTRED AGENT FOR SERVICE OF PROCESS: CORPORATE SERVICE
       COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY
       211 E. 7TH STREET, SUITE 620
       AUSTIN, TX  78701

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341st District Court** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2021CVF002139D3, styled:

### JOSEFINA MONTOYA, PLAINTIFF
### VS.
### HOME DEPOT PRODUCT AUTHORITY TEXAS LLC C/O HOME DEPOT, DEFENDANT
Said Plaintiff's Petition was filed on 11/08/2021 in said court by:

       ROBERT M. STONE, ATTORNEY FOR PLAINTIFF
       110 BROADWAY ST., SUITE 190
       SAN ANTONIO, TX  78205

**WITNESS ESTHER DEGOLLADO,** DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 9th day of November, 2021.

### C L E R K   O F   C O U R T

                    ESTHER DEGOLLADO
                    WEBB COUNTY DISTRICT CLERK
                    P.O. BOX 667
                    LAREDO, TX 78042

            BY: _____ DEPUTY
                    Annette Chapa

2021CVF002139D3

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2021 at
_____ O'CLOCK _____.M. Executed at
_____, within the COUNTY of _____
at _____ O'CLOCK _____.M. on the _____ day of
_____, 2021, by delivering to the within named **HOME
DEPOT PRODUCT AUTHORITY TEXAS, LLC C/O HOME DEPOT**, each, in
person, a true copy of this citation together with the
accompanying copy of the petition, having first attached such
copy of such petition to such copy of citation and endorsed on
such copy of citation the date of delivery.

The distance actually travelled by me in serving such process
was _____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

                                    _____

                                    SHERIFF, CONSTABLE

                                    _____ COUNTY, TEXAS

                          BY _____

                                                    DEPUTY

**THE STATE OF TEXAS}**
**COUNTY OF WEBB      }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly
sworn, upon oath said that a notice, of which the above is a
true copy, was by him/her delivered to
_____ on the _____
day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of
_____, _____, to certify which witness my hand and
seal of office.

                                    _____

                                    NOTARY PUBLIC
                                    MY COMMISSION EXPIRES

                                    _____

Filed
3/17/2022 2:36 PM
Esther Degollado
District Clerk
Webb District
Luis J. Sanchez
2021CVF002139D3

CAUSE NO. 2021CVF002139D3

| | | |
|---|---|---|
| JOSEFINA MONTOYA | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 341st JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT PRODUCT AUTHORITY | § | |
| TEXAS LLC C/O HOME DEPOT | § | WEBB COUNTY, TEXAS |

### DEFENDANT HOME DEPOT, PRODUCT AUTHORITY, LLC
### ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE:

COMES NOW Defendant Home Depot Product Authority, LLC improperly named as Home Depot Product Authority Texas LLC c/o Home Depot ("Defendant" herein), files this its Original Answer to Plaintiff's First Amended Petition would respectfully show unto the Court as follows:

## I.

### GENERAL DENIAL

1.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant hereby enters a general denial, and demands that Plaintiff be required to prove his allegations by a preponderance of the evidence.

## II.

### AFFIRMATIVE DEFENSES

2.    By way of affirmative defense, Defendant affirmatively alleges that the incident made the basis of this suit and Plaintiff's damages, if any, were proximately caused by Plaintiff's own fault and/or negligence.

3.    Defendant asserts the doctrine of comparative causation, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

1

4.      Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

5.      Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

6.      Defendant is not responsible for any expenses or damages allegedly incurred by Plaintiff due to Plaintiff's own acts, conduct, negligence and/or failure to exercise reasonable care in mitigating Plaintiff's damages.

7.      Plaintiff's own negligent acts were more than 50% of the proximate cause of Plaintiff's injuries. Under Chapter 33 of the Texas Civil Practice and Remedies Code, Plaintiff is not entitled to the relief requested in the Petition. To the extent that Plaintiff's proportionate responsibility is less than 50%, Plaintiff's damages must be reduced by the percentage to which Plaintiff is responsible for their injuries.

8.      Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

9.      To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

10.     To the extent that any health care provider has written off its charges for medical care for Plaintiff and/or paid charges for medical care in connection with the injuries underlying this suit, and in the unlikely event that Plaintiff obtains a final judgment against Defendant, Defendant is entitled to a credit and/or offset for the total amount of such write-offs and/or expenditures incurred and paid by others and accruing to Plaintiff pursuant to Texas Civil Practice & Remedies Code Section 41.0105.

11.     Defendant is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, Defendant contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

12.     Any claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

13.     Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

14.     The injuries pled by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant's own creation.

15.     Defendant states that the alleged occurrence, incident, event or accident underlying this suit may have been caused by the negligence of a third party or parties over whom Defendant has no control and said negligence was the proximate cause, or in the alternative, the sole proximate cause of the occurrence, incident, event or accident underlying this suit and of the alleged damages to Plaintiff.

16.     In the highly unlikely and remote event that the Plaintiff should recover any amount of money damages for lost income or loss of earning capacity, Defendant affirmatively pleads that such recovery is only recoverable in an amount reduced to present value and after all income taxes have been deducted.

17.     Defendant asserts the defense of unavoidable accident. The damages Plaintiff claims were due to an accident that was not caused by the negligence of any party, and one that could not be prevented by the exercise of due care.

18.     The alleged condition complained of by the Plaintiff was open and obvious to a reasonably prudent person and therefore the Plaintiff either knew or should have known of any alleged deficiencies in the subject property and accepted the same with such knowledge. As a result, Plaintiff's recovery should be barred.

### III.
### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Home Depot Product Authority, LLC prays that Plaintiff take nothing by this action and Defendant be dismissed with its costs, and for such other relief, both general and specific, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

Gordon Rees Scully Mansukhani

By :   /s/ *Troy D. Helling*
**TROY D. HELLING**
State Bar No. 24007340
thelling@grsm.com
**AMY WELBORN**
State Bar No. 24012853
awelborn@grsm.com
**TAYLOR R. YETTER**
State Bar No. 24102672
tyetter@grsm.com

2705 Bee Caves Road, Suite 220
Austin, Texas 78746
(512) 687-6900
(512) 687-6990 (Fax)
-AND-
2200 Ross Ave., Suite 3700
Dallas, TX 75201
(214) 231-4660
(214) 461-4053 (Fax)

**ATTORNEYS FOR
DEFENDANT HOME DEPOT
U.S.A., INC.**

## CERTIFICATE OF SERVICE

I hereby certify by my signature above that a true and correct copy of the foregoing document has been sent via electronic service to counsel of record in accordance with the Texas Rules of Civil Procedure, on this the 17th day of March 2022.

Robert M. Stone
The Law Offices of Robert Stone,
110 Broadway St. Suite 190,
San Antonio, TX 78205
(210)832-0326

/s/ *Troy D. Helling*
**TROY D. HELLING**

5

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Debbie Maxey on behalf of Troy David Helling
Bar No. 24007340
dmaxey@grsm.com
Envelope ID: 62710235
Status as of 3/17/2022 2:58 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Robert Stone | | robert@rmstonelaw.com | 3/17/2022 2:36:39 PM | SENT |